Reese, J.
delivered the opinion of the court.
Three distinct grounds have been taken by the plaintiff in error, upon which a reversal of the judgment of the circuit court is claimed. First, that the verdict of the jury which affirmed the contested paper, to be the last will and testament of John Gibson dec’d., is not sustained by the testimony heard on the trial, but that the weight of the testimony was in opposition to the verdict, and that the circuit court ought on that ground to have granted a new trial. We have repeatedly determined during the present term, and such is the uni *331 form course of this court, that the judgment of the circuit court will not, in a civil case where there ⅛ conflicting evidence1 be reversed j upon this ground, unless the preponderance of proof against the verdict be great. This rule, founded as it is in the difference which exists in the very constitution of the circuit court, and of this court, in the mode of ascertaining and investigating facts, stands at this time of day, in no need of elaborate vindication. It commends itself readily and at once, to the approval of every enlightened judgment It is enough to say that in this case great preponderance does not exist.
Secondly. The second ground upon which the plaintiff in error insists that the judgment should be reversed, is that the court erred in not charging the jury as requested by plaintiff, “that the widow of deceased, took an absolute estate in the personal property bequeathed to her by the testator, but on the contrary, in charging them that she took only a life estate ⅛ the said property, and that the limitation over was good.”
The pertinency and materiality of this exception, it is argued, arises from the fact, that Thomson, one of the attesting witnesses called in support of the will, was upon cross examination asked “whether the testator negatived anyone proposition mide by the wife?” He answered that he didin one particular, and that was in answer to a request from the wife, that as to the negroes left to her she should .b.e allowed to do with them as she pleased at her death. Those words are not in the will, and the request, if made, was in terms negatived-; yet it is said that the legal effect of the words in fact by construction and operation of law, an investn widow, of the absolute interest. It needs nothi^ than a distinct statement of this ground to show that injg not Jeq^.f ble. The rules of law in the construction of instrtóyjy^, a§S” the rules of property, may often defeat the purpos{ tor, but this surely will not prove that he who drew’í those interested under it, have been guilty of fraud.' what in point of legal operation is the amount of Mrs. Gibson’s interest under the will, it would be at this time not only •unnecessary, but improper for this court to decide.
The third ground is, “that the court erred in not permitting *332 the witnesses, other than the subscribing witnesses or the phy~ sicians, to give their opinions as to the testators sanity.” This is the language of the court in the bill of exceptions. In another part of the bill of exceptions, it is stated that Thomas McMillan, a witness for the plaintiff in error, said he was there on the day that the will was made, “that the testator seemed to be in great agony, his voice was feeble and broken, and that he did not understand one word that testator uttered while witness was in the house.” He was then aslted by the counsel for the plaintiff in error, “whether from the situation in which he saw the old man on that morning, and from the facts he had just stated to the jury, he believed the old man was then in his senses and capable of making a will?” Objection having been made to this question; the objection was sustained by the court. The latter part of the question, “capable of making a will,” as it involved a question of law and fact, and the very question to be determined by the jury, was entirely illegal. But taking the general statement above quoted from the bill of exceptions, with this instance of its application,"together, we understand the circuit court to havehu!,ed, that a witness other than an attesting witness or physician, should not, (having detailed the conduct, situation or conversation of testator,) be permitted to state the impressions he felt, or the opinions he formed as to the state of mind of the testator. Whether this be correct, is a question involving considerations and consequences of much delicacy and importance. We have looked with anxiety into some of the cases; those in 3 Mass. R. 237: 4 Mass. R. 593: 7 Serg. and Rawl. 92: 8 Mass. R. 371. Although we find them not very satisfactory, yet upon the whole, on grounds of authority, and especially on grounds of principle and reason, we think the following propositions correct. First, attesting witnesses and they only, are trusted to give their opinion merely, and without cause or reason assigned, of testator’s sanity. Secondly, physicians may state their opinion of the soundness of a testator’s mind, but they must state the circumstances or symptoms from which they draw their conclusions. As to I all others, their opinions, considered merely as opinions, aret not evidence. But having stated the appearance, conduct or ( *333 conversation of testator, or other particular fact, from which his state of mind may be inferred, they are at liberty to state their inference, conclusion or opinion, as the result of those facts. The propriety of doing this arises from the delicate nature of all investigations into the state of the human mind. How can a witness describe the dissociated and flighty conversation of a lunatic, the fear, the horror, the frenzy of his eye, how communicate the influences which mind practises upon mind, if he must not speak of inferences, impressions or conclusions t After all, it is the facts which a witness details, the conduct which he describes, which chiefly and primarily constitute the testimony to be relied on. This places, it is true, the error of the circuit court upon narrow grounds; but as we cannot tell what effect might have been properly produced if the circuit court had acted on the opinion herein indicated, we are reluctantly constrained to grant a new trial.
Judgment reversed.